CELIS ET AL. *vs.* ORIOL ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where it is proved that certain persons, who claim an estate, are the legal heirs of its deceased proprietor, they will be considered his only heirs, unless it is shown that others exist.

Where a register of baptism proves thet a child was christened by the name of "Francisco Antonio," and a register of burials attests the interment of a person named "Francisco," and no question as to the identity was raised in the inferior court *It was held* that the person whose death was attempted to be proved, must be considered the one whose death, according to the pleadings, it was important to establish.

This action is brought against the widow, children and heirs of Pedro Leon y Collantes, to recover the sum of five thousand dollars.

The plaintiffs allege that they are the only surviving heirs of the late Antonio Francisco Diez de Celis, their brother, lately of Havana, in the island of Cuba, and who died in the same place, in the month of August, 1829, a bachelor; his father and mother having previously died.

That the community formerly existing between Don Pedro Leon y Collantes and Dona Maria Cipriana Medina, his wife, was indebted at the time of the death of Leon y Collantes and of Maria Cipriana Medina, to the said Diez de Celis, in the sum of five thousand dollars, for the settlement of divers commercial transactions, which had taken place between Francisco Diez de Celis and Pedro Leon y Collantes.

The defendants excepted to the petition on the following grounds: 1. Because by the documents filed with the power, it does not appear that the deceased, Diez de Celis, has not left forced heirs.   2. Because the power of attorney does not authorise Antonio Maria de Miranda to sue for and claim

the sum stated in the petition, before the tribunals of this state.

The exception was overruled, the court considering that the power of attorney authorises to sue, that there is sufficient proof that Diez de Celis died without leaving forced heirs, and that being far advanced in age, he would not have lawful ascendants at the time of his death.

The general issue was then pleaded.

It was admitted that the sum of five thousand dollars, mentioned as having been at Cadiz, is now in the possession of said Oriol.   Also, that Francisco Diez de Celis died in Havana.

*Felix de La Mora*, a witness for the plaintiff, testified that he had been acquainted for thirty years with Francisco Diez de Celis; that the said Francisco Diez de Celis has never been married, and that said Celis always told him that he was a bachelor; that deponent, was a particular friend of said Francisco Diez de Celis, and had he been married witness would have known it; that said Celis came here with him from Matamoras, in the month of June, in the year 1829, and went from thence to Havana, where he died.

He also testified, that when Francisco Diez de Celis was administrator in chief of the estates and plantations of the Count de Perez Galvez, in Mexico, Pedro de Leon y Collantes was under his orders in said administration; that afterwards the said Celis and Collantes entered into a partnership in Mexico, for conducting business for themselves.   That one day, being in New-Orleans, in company with Celis and Collantes, Collantes remarked to him that it was a pity they had been expelled from Mexico, where they had been continually in danger of their lives, and to be in this country, when he had funds in Spain of his own, and also some belonging to that poor old man, pointing at Celis, who was also conversing with them.

The judge *a quo* being satisfied that Francisco Diez de Celis, who died at Havana, was the one to whom Collantes owed the five thousand dollars claimed, and that the claim-

ants were his heirs, decreed that the plaintiffs recover from the defendant the sum of five thousand dollars.

The defendants appealed.

*Canon*, for the plaintiffs and appelles, contended:

1. That the judgment of the inferior court ought to be affirmed as to the sum which the appellants have been condemned to pay to the appellees.

2. But that the judge of the first instance ought to have condemned the appellants to pay the legal interest on the sum of five thousand dollars, from the day of the institution of the suit up to the satisfaction of judgment, the claim in this case being a liquidated one.

*De Armas, contra*, contended that:

1. The declaration of the widow Collantes in her last will, that the sum of five thousand dollars due by her husband, is not a sufficient proof that the said sum was due by her deceased husband.

2. The individual identity of the " Celis," who died at Havana, is not proved sufficiently.

3. There is no sufficient proof that those who claim are the only heirs of Francisco Antonio de Celis.

MARTIN, J., delivered the opinion of the court.

The petitioners, as sisters and heirs of Antonio Francisco Diez de Celis, claim a sum of five thousand dollars, as due him by the community which formerly existed between the parents of the defendants. The general issue was pleaded, and the defendants, appellants from the judgment which was rendered against them, ground their hope of its reversal on the following points:

1. The petitioners have not proved that they are the *only* heirs.

2. Nor the identity of the person who is proved to have died at Havanna, with their ancestor.

3. The claim is not sufficiently proved, as the only evidence of it results from the declaration of the defendants' mother, in her last will.

I. The petitioners appear to be the sisters of the person whose estate they claim; they have produced extracts from the registry of burials in Spain, attesting the death of his father and mother. They have shown, as far as a negative is susceptible of proof, that their brother was never married, and the certificate of his burial in Havana, attests that he died a bachelor. The petitioners must, therefore, be *his only* heirs, unless he left a brother or other sister, or the issue of such. This is neither alleged nor proven.

When it is proved that certain persons who claim an estate, are the legal heirs of its deceased proprietor, they will be considered his only heirs, unless it is known that others exist.

II. The petitioners claim the estate of Antonio Francisco Diez de Celis; they have produced an extract from the registry of baptisms in Spain, attesting that in the year 1759, a child was christened by the name of Francisco Antonio Diez de Celis, and an extract from the registry of burials at Havana, attesting the interment of Francisco Diez de Celis, aged about seventy-two. The statement of facts contains an admission of the death of Francisco Diez de Celis, in Havana, and his death is also proved to have taken place in that city. No question appears to have been raised in the Parish Court on this point, and we must conclude that the person whose death was attempted to be proven, and is admitted by the statement of facts, is the one whose death, according to the pleadings, it was important to establish.

Where a register of baptism proves that a child was christened by the name of "Francisco Antonio," and a register of burials attests the interment of a person named "Francisco," and no question as to the identity was raised in the inferior court. *It was held* that the person whose death was attempted to be proved, must be considered the one whose death, according to the pleadings, it was important to establish.

The defendants' mother, who died after their father, declares in her will, that no step was taken to establish by mortuary proceedings the state of the affairs of the community; she declares that the property belonging thereto, and particularly that her husband had in Cadiz a sum of five thousand dollars, belonging to Francisco Diez de Celis. A

witness avers that he heard the husband of the deceased say he had a sum of money in Spain belonging to Francisco Diez de Celis; and the executor of said husband declares that after the death of his testator, he had the said sum of five thousand dollars brought over from Cadiz, and it is admitted in the statement of facts, that this sum of five thousand dollars is now in the hands of the husband of one of the defendants.

It does appear to us that the defendants have entirely failed in establishing any of the grounds on which they attempted to induce us to interfere with the judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs in both courts.